# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50363
Consolidated with
No. 09-50507
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO PINEDO-URENO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3270-1
USDC No. 3:05-CR-457-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Pinedo-Ureno appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry into the United States, arguing that it is substantively unreasonable. He asserts that his sentence is greater than necessary to satisfy the factors in 18 U.S.C. § 3553(a); the advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range calculated pursuant to U.S.S.G. § 2L1.2 overstated the seriousness of his offense; and the guidelines range failed to take into account his personal history and characteristics, including that he returned to the United States to see his mother, who is seriously ill, and his young daughter.

Although Pinedo-Ureno asked for a sentence below the guidelines range, he did not object to the sentence as unreasonable. Therefore, Pinedo-Ureno's sentence is subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The district court heard the arguments of Pinedo-Ureno's counsel for a sentence below the guidelines range and allowed Pinedo-Ureno to provide an explanation for his conduct. The district court stated that it understood Pinedo-Ureno had family here but that was not a defense; Pinedo-Ureno had a prior illegal reentry conviction for which he was sentenced to 32 months of imprisonment and had previously been warned that he would receive a longer sentence if he returned to the United States illegally. In addition, the district court explained that it had considered the particular circumstances of this case, the goals of the Sentencing Guidelines, and the factors in § 3553(a). The district court's comments reflect its familiarity with Pinedo-Ureno's personal history and the nature of his prior offenses and the need to deter Pinedo-Ureno from reentering the United States illegally again. Because the district court considered Pinedo-Ureno's arguments for a sentence below the guidelines range, its rejection of the request for a non-guidelines sentence was not error, much less

plain error. *See Puckett*, 129 S. Ct. at 1429; *United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Pinedo-Ureno argues in addition that the district court improperly double-counted his prior conviction for importation of marijuana to increase his offense level and to calculate his criminal history. He asserts that the presumption of reasonableness should not apply because § 2L1.2 is without an empirical basis. As he acknowledges, these arguments are foreclosed by this court's precedent. *See United States v. Mondragon-Santiago*, 564 F.3d357, 366 (5th Cir. 2009) (holding that an appellate presumption of reasonableness can be applied "[e]ven if the Guidelines are not empirically-grounded."); *see also United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009) (rejecting double counting argument), *cert. denied*, 2009 WL 3162196 (Oct 5, 2009) (No. 09-6195). Pinedo-Ureno has not shown that his within-guidelines sentence should not be accorded the presumption of reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Pinedo-Ureno has also appealed the revocation of his supervised release and 13-month sentence imposed following revocation. However, because he does not challenge the supervised release revocation or the sentence in his appellate brief, he has abandoned any challenge to the supervised release revocation on appeal. *See United States v. Flores*, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995).

AFFIRMED.